FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 21, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SAMANTHA C., <br><br>              Plaintiff, <br><br>   -vs- <br><br>MARTIN O'MALLEY, Commissioner of Social Security,[1] <br><br>              Defendant. | No.   2:23-CV-0019-WFN <br><br>ORDER |

      Samantha C. [Plaintiff] brings this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for disability benefits. ECF No. 1. Attorney Maren A. Bam represents Plaintiff. Special Assistant United States Attorney Michonne L. Omo represents the Commissioner [Defendant]. After reviewing the administrative record and the briefs filed by the parties, the Court **AFFIRMS** the Commissioner's final decision.

## JURISDICTION

      Plaintiff applied for Supplemental Security Income on February 21, 2020, alleging disability beginning on June 12, 2018. Tr. 26, 229–38. Plaintiff later amended her alleged onset date to February 21, 2020. Tr. 26, 49. The application was denied initially, Tr. 66–75, and on reconsideration, Tr. 78–863. Administrative Law Judge [ALJ] Marie Palachuk held a hearing on January 22, 2022, Tr. 45–65, and issued an unfavorable decision on March 2, 2022, Tr. 26–37. The Appeals Council denied review on November 23, 2022. Tr. 1–6. The

---

[1] This action was originally filed against Kilolo Kijakazi in her capacity as the acting Commissioner of Social Security. Martin O'Malley is substituted as the defendant because he is now the Commissioner of Social Security. *See* Fed. R. Civ. P. 25(d).

ORDER - 1

ALJ's March 2022 decision became the Commissioner's final decision, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on January 20, 2023. ECF No. 1.

## FACTS

Plaintiff was born in 1973 and was 46 years of age as of her alleged onset date. Tr. 49, 229. She completed high school and an associate degree, Tr. 31, 86, 257, 603, and has limited past work as a cashier, Tr. 31, 257. Plaintiff alleges disability based on fibromyalgia, arthritis, the effects of a knee surgery, anxiety, obesity, chronic fatigue, insomnia, hypothyroidism, social anxiety, and depression Tr. 50, 256.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The Court reviews the ALJ's legal conclusions *de novo* but gives deference to a reasonable interpretation of a statute the agency is charged with administering. *See McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The ALJ's decision will be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097–98 (9th Cir. 1999). Substantial evidence is more than a scintilla, but less than a preponderance. *Id*. at 1098. Put another way, "'[i]t means such relevant evidence as a reasonable mind might assess as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for the ALJ's. *Tackett*, 180 F.3d at 1097–98; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). The ALJ's decision is conclusive if it is supported by substantial evidence, even if conflicting evidence supports a finding of either disability or non-disability. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987). But a decision supported by substantial evidence will still be set aside if it is based on legal error. *Brawner v. Sec'y of Health & Hum. Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

ORDER - 2

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987). In steps one through four the claimant bears the burden of establishing disability. *Tackett*, 180 F.3d at 1098–99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193–94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, she will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On March 2, 2022, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 26–37.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 28.

At step two, the ALJ determined Plaintiff had the following severe impairments: "fibromyalgia, mild to moderate degenerative disc disease of the cervical spine, osteoarthritis of the bilateral knees, morbid obesity, depression, [and] social anxiety." *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 29–30.

> The ALJ assessed Plaintiff's Residual Functional Capacity [RFC] and found she can perform sedentary work . . . except she can stand and/or walk [four] hours in an [eight]-hour workday. Postural activities can be performed occasionally except no ladders, ropes[,] or scaffolds. She must avoid concentrated exposure

ORDER - 3

to extreme temperatures, respiratory irritants, and hazards (e.g., unprotected heights and dangerous moving machinery). From a psychological perspective, the claimant needs to be in [a] generally predictable environment with no more than simple changes. She can [have] superficial interaction with the public[ and o]ccasional interaction with coworkers and supervisors except no tandem tasks.

Tr. 30.

At step four, the ALJ found Plaintiff has no past relevant work. Tr. 36.

At step five, the ALJ found, based on the vocational expert's testimony, and considering Plaintiff's age, education, work experience, and RFC, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform. Tr. 36-37. The ALJ specifically identified the representative occupations of final assembler, food and beverage order clerk, and document preparer. Tr. 37.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act since the alleged onset date. Tr. 37.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether the decision is based on proper legal standards.

Plaintiff contends the ALJ erred by improperly assessing the medical opinion evidence.

## DISCUSSION

Plaintiff alleges the ALJ erred by improperly evaluating the opinion of Rebecca J. Alexander, Ph.D. ECF No. 12 at 6–13.

The ALJ considers the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 404.1520c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors, such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability

ORDER - 4

program. *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how she considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(b). The ALJ may explain how she considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

(1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion[s] or prior administrative medical finding[s], the more persuasive the medical opinions or prior administrative medical finding[s] will be.

(2) *Consistency.* The more consistent a medical opinion[s] or prior administrative medical finding[s] is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion[s] or prior administrative medical finding[s] will be.

20 C.F.R. § 404.1520c(c).

The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787, 792 (9th Cir. 2022). "Now, an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Id.* at 787.

Rebecca Alexander, Ph.D., evaluated Plaintiff on May 25, 2021. Tr. 589–94. Dr. Alexander opined that Plaintiff's "[a]bility to understand and remember complex multistage instructions and sustain concentration and persist is mildly to moderately impaired by depression/anxiety." Tr. 593. Dr. Alexander also opined Plaintiff's "[a]bility to interact

ORDER - 5

appropriately in the workplace with employers and co-workers, be in social situations, and manage frustrations/anxiety [are] moderately to markedly affected by generalized and social anxiety and avoidant/dependent personality traits." Tr. 594.

The ALJ found Dr. Alexander's opinion somewhat persuasive. Tr. 35. The ALJ noted that "Dr. Alexander conducted a thorough psychological examination" and found that Dr. Alexander's opinion regarding Plaintiff's mild to moderate limitations was "generally supported by her own examination findings." *Id.* However, the ALJ rejected Dr. Alexander's opinion that Plaintiff had marked social limitations because it was unsupported by Dr. Alexander's own objective findings, which showed Plaintiff was cooperative and pleasant, and inconsistent with the longitudinal record, "which contain[ed] 'subjective' reports of anxiety and depression, but few 'objective' abnormalities upon mental status exam." *Id.*

Plaintiff argues that "'a psychologist's reliance on subjective reports, without more, is not a legitimate reason for discrediting the psychologist's opinion'" because "'[i]t is completely appropriate for mental health professionals to rely on their patient's subjective reports.'" ECF No. 12 at 9 (citation omitted); *see also* ECF No. 12 at 10–12. However, The ALJ did not reject Dr. Alexander's opinion solely because Dr. Alexander relied on subjective reports. *See* Tr. 31–35. There was more: The ALJ specifically found Plaintiff's subjective reports were unreliable. *Id.* The ALJ supported this finding with appropriate reasons, *id.*, and Plaintiff does not challenge that reasoning, *see* ECF No. 12. The ALJ's conclusions were also supported by the opinion of Renee Eisenhauer, Ph.D., who assessed only mild social limitations. Tr. 34.

Plaintiff argues further that Dr. Alexander's opinion is not undermined by Plaintiff's cooperation and pleasantness on examination because cooperation with treatment providers is not necessarily reflective of Plaintiff's "behavior in a work environment." ECF No. 12 at 10. According to Plaintiff, interacting with treatment providers is far less demanding than work. *Id.* Defendant counters that Dr. Alexander was not a treatment provider but a consultative examiner and that consultative examinations are more demanding than treatment. ECF No. 17 at 10. Both arguments are rational. The Court must affirm the ALJ's

ORDER - 6

reasoning because it could convince a reasonable person. *See Tackett*, 180 F.3d at 1097–98; *Morgan*, 169 F.3d at 599.

Finally, Plaintiff argues the ALJ erred because Dr. Alexander's opinion is consistent with objective evidence in the record, specifically a PHQ-9 score of 22, which indicates severe depression, and a Burns Anxiety Inventory score of 59, which indicates extremely severe anxiety and panic. ECF No. 12 at 12–13. True, this objective evidence weighs against the ALJ's ultimate conclusion. But the evidence is not so powerful that it required the ALJ to credit Dr. Alexander's opinion (and discredit Dr. Eisenhauer's). The ALJ's finding that there was little objective evidence of abnormalities is reasonable, despite some evidence to the contrary. Therefore, it must be affirmed. *See Tackett*, 180 F.3d at 1097–98; *Morgan*, 169 F.3d at 599.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error. The Court has reviewed the briefs and the file and is fully informed Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's Brief, filed July 3, 2023, **ECF No. 12**, is **DENIED.**

2. Defendant's Brief, filed September 25, 2023, **ECF No. 17**, is **GRANTED**.

The District Court Executive is directed to file this Order and provide copies to counsel. Judgment shall be entered for the Defendant and the file shall be **CLOSED**.

**DATED** this 21st day of February, 2024.

02-13-24

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 7